UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TERESA ROAR,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-418

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 7),[3] and the record as a whole.

I.

    A.    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of December 29, 2008. PageID 174. Plaintiff claims disability as a result of a number of alleged impairments including,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

*inter alia*, degenerative disk disease, ischemic heart disease, obesity, lupus, and fibromyalgia. PageID 176.

After an initial denial of her applications, Plaintiff received a hearing before ALJ Eric Anschuetz on September 8, 2016. *Id.* The ALJ issued a written decision on October 5, 2016 finding Plaintiff not disabled. PageID 174-86. The ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[4] "there are jobs that exist in significant numbers in the national economy that [she] can perform[.]" PageID 184-86.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 33-38. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B. **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 174-86), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A. **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the

---

[4] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that the ALJ erred in: (1) weighing the medical opinion of treating physician Amol Soin, M.D.; (2) weighing the opinions of the state agency consultants; and (3) analyzing the nature of her medical treatment. PageID 3050. Finding error in the ALJ's assessment of Dr. Soin's opinion, the undersigned would direct that the ALJ consider Plaintiff's remaining arguments on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because

4

they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of So c. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009); see also 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." Snell, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Dr. Soin, Plaintiff's treating pain management specialist, opined that, as a result of her impairments, she is able to stand for 15 minutes per workday; sit for 30 minutes at a time for one hour per workday; lift ten pounds occasionally and nothing frequently; never stoop or balance; and occasionally perform postural activities. PageID 2974. Ultimately, Dr. Soin concluded that

Plaintiff would not be able to perform full-time competitive work on a sustained basis without missing work more than two days per month or being off task more than 15% of the workday. PageID 2975.

Despite the fact that Dr. Soin is Plaintiff's treating physician, when analyzing his opinion, the ALJ failed to mention the concept of controlling weight and never specifically declined to accord such opinion controlling weight. PageID 183. Rather, in affording Dr. Soin's opinion "partial weight," the ALJ summarily determined that "the doctor's limitations in the opinion are more restrictive than the objective medical records as a whole." PageID 183. It may be possible to construe this as a determination that -- in accordance with the controlling weight analysis -- Dr. Soin's opinion is inconsistent with the other substantial evidence in the case record. *LaRiccia*, 549 F. App'x at 384. But even granting the ALJ the benefit of doubt in this regard, the ALJ nonetheless erred because he failed to provide even a single citation to the record that is supportive of his conclusion. *Friend v. Comm'r of Soc. Sec.,* 375 F. App'x 543, 551-52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion . . . gets the short end of the stick"). This lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir. 2013).

While failing to conduct a controlling weight analysis can constitute harmless error, *see id.* at 380, such failure is not harmless in this case because the record reveals findings that support Dr. Soin's opinion. Indeed, Dr. Soin's own objective findings, including swelling in Plaintiff's legs and feet, positive Spurling's tests, pain with palpation of the spine, pain and limitation with both chin to chest and to ceiling motions, abnormal flexion and pain with lateral bending at the neck,

and trigger points in paraspinal cervical muscles, appear consistent with his disability opinion. PageID 886, 887, 895, 901, 905, 918, 927, 1443. Dr. Soin's proffered limitations also appear supported by his observations that Plaintiff's "radiological findings and history and physical is consistent with the listed diagnosis and confirm pathology that requires intervention" and that conservative treatment methods have failed Plaintiff. PageID 889, 1445.

Also of significance are the objective findings of Plaintiff's other treating physician, Mujeeb Ranginwala, M.D. *See O'Malley v. Comm'r of Soc. Sec.*, 210 F. Supp. 3d 909, 915 (S.D. Ohio 2016) ("Given the relatively consistent opinions between these two treaters, the ALJ's error was not harmless"). Dr. Ranginwala noted that Plaintiff's "muskoskeletal examination revealed multiple tender points present in the upper and lower back;" and "imaging studies . . . show abnormal uptake in different joints which is more consistent with osteoarthritis . . . and early systemic lupus."[5] PageID 738-39.

The Court finally notes that insofar as the ALJ discounted Dr. Soin's opinion because he "relied" on Plaintiff's "exaggerated allegation" regarding her ability to walk (PageID 183), the ALJ failed to build a logical bridge between this evidence and his conclusion. *Pollard v. Astrue*, 2012 U.S. Dist. LEXIS 85290, at *13-14 (S.D. Ohio June 20, 2012) *report and recommendation adopted by Pollard v. Comm'r of Soc. Sec.,* 1:11-cv-186, 2012 U.S. Dist. LEXIS 99551 (S.D. Ohio July 18, 2012) (citing *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (court cannot uphold the decision of the ALJ, even where there may be sufficient evidence to support the decision, if "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result")). The ALJ points to no evidence that Dr. Soin relied on Plaintiff's complaints rather than his longstanding treating relationship with Plaintiff. PageID 183. But even assuming,

---

[5] Plaintiff's diagnosis of Lupus was also confirmed by the Lupus Clinic at the Ohio State University Wexner Medical Center. PageID 2628.

*arguendo*, that his conjecture is correct, Dr. Soin's reliance on Plaintiff's complaint -- that she can only walk a few feet at a time -- is an insufficient ground for discounting the entirety of Dr. Soin's opinion. *Mosley v. Comm'r of Soc. Sec.,* No. 3:14-CV-278, 2015 WL 6857852, at *6 (S.D. Ohio Sept. 14, 2015) (finding error where the ALJ "fail[ed] to explain how the rejection of one diagnosis leads to a rejection of all limitations opined by [the treating physician]"). Making the ALJ's justification more tenuous is the fact that Dr. Soin's opinion does not include limits on Plaintiff's ability to walk -- the very complaint he allegedly relied on.

In light of all the foregoing, the undersigned finds reversible error in the ALJ's analysis of Dr. Soin's medical opinion. *Jones v. Comm'r of Soc. Sec.,* No.: 3:14-cv-131, 2015 U.S. Dist. LEXIS 98223, at *14, (S.D. Ohio May 26, 2015) (finding reversible error where the ALJ "failed to conduct a controlling weight analysis in analyzing the opinions of [treating physician's] and also failed to give good reasons for affording their opinions little weight").

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date:   December 18, 2018                    s/ Michael J. Newman
                                                                            Michael J. Newman
                                                                            United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

11